IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY SCOTT LEWIS,      § | |
|     Petitioner,      § | |
| § | |
| v.      § | No. 3:17-CV-917-D (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID  § | |
|     Respondent.      § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the foregoing reasons, the Court recommends that the petition be dismissed for failure to exhaust state remedies.

Petitioner challenges his conviction for aggravated robbery with a deadly weapon. *State of Texas v. Jeffrey Scott Lewis*, No. F-1476409-T (283rd Jud. Dist. Ct., Dallas County, Tex., Jan. 19, 2016). The state court

sentenced him to fifteen years in prison. He did not file an appeal.

On December 6, 2016, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Lewis*, No. 86,293-01. On January 25, 2017, the Court of Criminal Appeals dismissed the petition as non-compliant.

On March 27, 2017, Petitioner filed the instant § 2254 petition. He argues:

1. He received ineffective assistance of counsel when counsel failed to request an examining trial and failed to investigate his mental health history;

2. The police conducted a warrantless search;

3, A witness lied to the police; and

4. The State violated failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 371 U.S. 812 (1962).

On May 15, 2017, Respondent filed her answer arguing the petition is unexhausted and barred by the statute of limitations. On June 22, 2017, Petitioner filed a reply.

## II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims, in a procedurally proper manner, to the highest available state

2

court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Here, Petitioner did not properly present his claims to the Court of Criminal Appeals. He failed to file a direct appeal, and failed to file his state habeas claims in a procedurally proper manner because he did not properly sign the verification. *See Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010). The Court of Criminal Appeals did not consider the merits of Petitioner's habeas claims, but dismissed the petition as noncompliant. Petitioner therefore failed to exhaust his state remedies.[1]

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the

---

[1] The Court finds dismissal on exhaustion is appropriate and therefore declines to address Respondent's claim that the petition is also barred by the statute of limitations, and that Petitioner is not entitled to equitable tolling based on his claim of mental deficiency.

applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed April 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND** **NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).